478 F.2d 1400
 73-1 USTC P 16,092
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Louis G. Lefaivre, Appellant
v.
United States of America, Appellee.
 No. 72-2472.
 United States Court of Appeals, Fourth Circuit.
 May 31, 1973.
 
 Before HAYNSWORTH, Chief Judge, BOREMAN, Senior Circuit Judge, and WIDENER, Circuit Judge.
 PER CURIAM.
 
 
 1
 This appeal is from a judgment of the district court dismissing Louis G. Lefaivre's petition for the return of checks, currency and items of personal property seized as evidence of violations of 18 USC Secs. 371 and 1955 by the United States. The ground for dismissal was that the district court lacked jurisdiction over the subject matter of the petition. We affirm.
 
 
 2
 In 1971, federal agents, at a restaurant owned by Lefaivre, executed a duly authorized search warrant and seized bookmaking records, wagering paraphernalia, other items of personal property, and approximately $69,586 in cash and checks, all of which were allegedly used by Lefaivre while operating an illegal gambling business.
 
 
 3
 Lefaivre next petitioned the district court under 28 USC Sec. 1356, claiming that the search and seizure of the property was unlawful and demanding its return.
 
 
 4
 Thereafter, the Internal Revenue Service made a jeopardy assessment[1] against the cash and property for outstanding federal wagering excise taxes, and served a notice of levy on the Federal Bureau of Investigation in the amount of the tax liability.
 
 
 5
 Although Sec. 1356 provides that "[t]he district courts shall have original jurisdiction ... of any seizure under any law of the United States ...," this statute is merely a general provision vesting jurisdiction, and it, standing alone, is not enough to enable Lefaivre to clear the jurisdictional hurdle present in this case. See United States v. Sherwood, 312 US 584 (1941). Lefaivre's claim for the return of the seized property is essentially a suit to secure a refund of taxes allegedly unlawfully collected. Fatal to this claim is 26 USC Sec. 7422(a) which provides:
 
 
 6
 "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally collected ... until a claim for refund or credit has been duly filed with the Secretary or his delegate...."
 
 
 7
 Thus, the filing of a refund claim with the Internal Revenue Service is an absolute prerequisite to a suit in the district court to recover taxes and the failure of Lefaivre to allege compliance with Sec. 7422(a)'s requirement is a jurisdictional defect. See Simpson v. Thomas [59-2 USTC p 9760], 271 F. (2d) 450 (4th Cir.1959); Bohn v. USA [73-1 USTC p 16,071], 467 F. (2d) 1278 (8th Cir.1972); USA v. Friedman, 444 F. (2d) 1387 (9th Cir.1971); 10 Mertens, Federal Income Taxation Sec. 58A.06 (1964 Ed.).
 
 
 8
 Accordingly, we dispense with oral argument and affirm the judgment below.
 
 
 9
 Affirmed.
 
 
 
 [1]
 See 26 USC Sec. 6861(a)